257 P.2d 587

## SMITH v. NEWTON.
### No. 5668.

Supreme Court of Arizona.
May 25, 1953.

Rehearing Denied June 9, 1953.

Claude E. Spriggs, Phoenix, for appellant.

Anderson & Smith, Safford, for appellee.

UDALL, Justice.

O. E. Newton, as plaintiff (appellee), brought suit against defendant (appellant) J. Ed Smith for services rendered in the sum of $936.80; the defendant answered admitting that he was indebted to plaintiff for wages in the sum of $84, but denied owing any amount in excess thereof. The case was tried to the court, sitting without a jury, and at the conclusion thereof judgment was promptly entered for the plaintiff in the sum of $836.80. This appeal followed. The parties are before us in the reverse order of their appearance in the trial court but for convenience reference will be made to them herein as they there appeared, namely as plaintiff and defendant.

The defendant, who resides in the Gila Valley, near Safford, is a farmer and dairyman and during the period in question was in the process of building dairy barns and a processing plant for a creamery. The plaintiff, whose experience qualified him to manage a creamery plant, needed employment, and being also a sort of "jack of all trades" was hired to work on the buildings looking forward to his managing the plant when it was put in operation. It is admitted that defendant worked for plaintiff from April 26, 1949 to July 4, 1949 at an agreed salary of $10 per day (or $65 per week), and that all wages due him for this period were paid in full. The defendant, experiencing difficulty in financing his creamery venture, temporarily suspended building operations and laid the plaintiff off on July 4, 1949.

The plaintiff went back to work for defendant near the close of the year 1949 or the first of the year 1950. The present controversy arises out of the per diem wage to be allowed for the services he admittedly performed during the year 1950. The defendant testified that by oral agreement the compensation was to be $5 per day, whereas the plaintiff denied this and asserts (1) that his wages were to be the same amount as theretofore paid (i. e., $10 per day), as during most of this period he performed skilled work on the buildings as a carpenter, electrician, lather, plasterer and plumber (for which others were being paid regular scale for skilled labor), in addition to doing some farm work; (2) that the reduction of wage to $5 per day did not occur until November 1, 1950, when he did agree to accept such a cut in compensation. Unfortunately neither party kept a current "book of account" of days worked and wages paid from which conclusive inferences might have been drawn. Much of the testimony was vague and uncertain, as so frequently happens when reliance is wholly upon memory for incidents long since past.

We are of the opinion that no good purpose would be served by quoting or attempting to summarize the testimony of the witnesses relative to the wage to be paid for the period December 27, 1949 to November 1, 1950; the most that can be said is that there is a sharp conflict therein. However, there is no serious difference as to the actual number of days plaintiff worked or the total compensation paid him.

While the two assignments of error are inartfully drawn, they in effect state that the court erred in granting judgment in that there was no reasonable evidence in support thereof and that the plaintiff failed to sustain the burden of proof.

The plaintiff urges as controlling in the case, the well-established rule that a judgment based upon conflicting evidence will not be disturbed where there is reasonable evidence in the record to support it.

The evidence of plaintiff consisted wholly of the testimony of the defendant—called for cross-examination under the statute; the plaintiff, his wife, and six exhibits consisting of three checks, two pages from a pocket notebook showing hours worked over a two-month period, and a loan application executed by the defendant, the latter showing plaintiff was to be plant manager at a salary of $3,300 per annum. The defendant's evidence consisted of his own testimony and that of two other employees who contributed but little pertinent information.

The defendant does not urge that plaintiff's evidence is not credible solely because of its source, i. e., from interested parties, but does urge such evidence should be carefully scrutinized, recognizing that the circumstances of the case may either corroborate or weigh against it.

392

■ This record has been carefully reviewed by this court and we cannot say that the plaintiff's evidence, when taken with the inferences from the circumstances of the case, is extraordinary or incredible in the light of general experience. Likewise, we cannot say as a matter of rationalization and judgment that the evidence on the issues in support of the judgment is no more than of equal weight with the evidence against it. Therefore the trial court was entitled to find that the plaintiff has, as a matter of law, sustained the burden of proof.

There being reasonable evidence before the court in support of the judgment, it is affirmed.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and WINDES, JJ., concur.